**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Elijah Muhammad, et al., | ) | No. CV 08-0310-MHM-PHX |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NBC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently before the Court is Plaintiff Elijah Muhammad's ("Plaintiff") motion to proceed in forma pauperis.  (Dkt. #3).  After reviewing the motion, the Court issues the following order.

Plaintiff's motion to proceed in forma pauperis demonstrates that Plaintiff does not possess the means to pay the filing fee in this case.  Accordingly, the Court grants Plaintiff's application for leave to proceed in forma pauperis.

However, Plaintiff's motion to proceed in forma pauperis requires the Court to screen Plaintiff's complaint before it may be served in order to determine whether it must be dismissed.  See 28 U.S.C. §§ 1915(a) and (e)(2).  The court will do so in this order.

**I.     Legal Standards**

**A.     28 U.S.C. § 1915(e)(2)**

A district court "shall dismiss [an in forma pauperis] case at any time if the court determines" that the "action or appeal" is "frivolous or malicious," "fails to state a claim on

which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints").  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  Id.  Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them."  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  "A case is malicious if it was filed with the intention or desire to harm another."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

## B.    Rule 8 of the Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading.  A complaint must contain  "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct."  Fed.R.Civ.P. 8(e)(1).  A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988).

In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity

of statement which the rules contemplate." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).  An example is Form 9 (Complaint for Negligence):

> 1. Allegation of jurisdiction
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
> 4.  Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

<u>Id.</u>  "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery.  It can be read in seconds and answered in minutes." <u>Id.</u>  In addition, to satisfy Rule 8, each claim must be stated in a separate count.  <u>Buatista v. Los Angeles</u>, 216 F.3d 837, 840-41 (9th Cir. 2000).

## II.     Analysis

### A.     Plaintiff's Complaint

Plaintiffs' complaint falls far short of satisfying the requirements of Rule 8.  It does not provide a "short and plain statement" of any claim.  Instead, the complaint alleges only bare allegations of constitutional violations with no supporting facts, explanation, or even prayer for relief.  Nothing submitted thus far provides any indication of the nature of this suit.

### B.     Leave to Amend

Plaintiff will be given an opportunity, if he so chooses, to amend his complaint to make clear his allegations in short, plain statements with each claim for relief identified in separate sections.  In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did

or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  Each claim of an alleged violation must be set forth in a separate count.  Any amended complaint must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

Plaintiff is warned that if he elects to file an amended complaint and fails to comply with the Court's instructions in this order, the action will be dismissed pursuant to section 28 U.S.C. §1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.  See McHenry, 84 F.3d at 1177 (affirming dismissal with prejudice of verbose, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis is GRANTED, without prepayment of costs or fees or the necessity of giving security therefore. (Dkt. #3).  Plaintiff shall be responsible for service by waiver or of the summons and complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' complaint is dismissed for failure to comply with Rule 8, with leave to file an amended complaint by May 5, 2008.

**IT IS FURTHER ORDERED** that if Plaintiffs elect not to file an amended complaint by May 5, 2008, the Clerk of the Court shall dismiss this action without further order of the Court.

1    **IT IS FURTHER ORDERED** that if Plaintiffs elect to file an amended complaint,

2  the complaint may not be served until and unless the court screens the amended complaint

3  pursuant to 18 U.S.C. § 1915(e)(2).

4    DATED this 14th day of April, 2008.

5

6

7

8  

_____

Mary H. Murgula

United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28